IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF THORNAPPLE, WISCONSIN; ANGELA JOHNSON, RALPH C. KENYON, TOM ZELM, and JACK ZUPAN, in their official capacities as Town Clerk and Town Board Supervisors of the Town of Thornapple, TOWN OF LAWRENCE, WISCONSIN; CHARIDY LUDESCHER, BOB NAWROCKI, STACY ZIMMER, and DUANE BILLER, in their official capacities as Town Clerk and Town Board Supervisors of the Town of Lawrence, and STATE OF WISCONSIN,<br><br>Defendants. | Civil Case No.: 3:24-cv-664 |

## PARTIAL CONSENT JUDGMENT AND ORDER

Plaintiff United States of America initiated this action against the Town of Thornapple, Wisconsin ("Thornapple"); Angela Johnson, Ralph C. Kenyon, Tom Zelm, and Jack Zupan, in their official capacities as Town Clerk and Town Board Supervisors of the Town of Thornapple (collectively, "Thornapple Defendants"); the Town of Lawrence, Wisconsin ("Lawrence"); Charidy Ludescher, Bob Nawrocki, Stacy Zimmer, and Duane Biller, in their official capacities as Town Clerk and Town Board Supervisors of the Town of Lawrence (collectively, "Lawrence Defendants"), and the State of Wisconsin to enforce the requirements of Section 301 of the Help America Vote Act of 2002 ("HAVA"), 52 U.S.C. § 21081.

Section 301 requires, among other things, that each voting system used in an election for federal office be accessible for voters with disabilities in a manner that provides the same

opportunity for access and participation as other voters, including the opportunity to vote privately and independently. 52 U.S.C. § 21081(a)(3)(A). To satisfy this requirement, voting systems used in federal elections must include at least one voting system equipped for individuals with disabilities at each polling place. *Id.* § 21081 (a)(3)(B), (d).

Voters with disabilities are significantly more likely than other voters to experience difficulties while voting, often due to the inaccessibility of election infrastructure. For example, an audit run by the Wisconsin Elections Commission from 2022 to 2023 found an average of 5.9 accessibility problems per polling place, 44% of which were "high severity" problems, meaning they "would be likely to prevent a voter with a disability from entering a polling place and casting a ballot privately and independently." Wisconsin Elections Commission, Barriers Faced by Elderly Voters and Voters with Disabilities at 3, 7-10 (June 2023), https://perma.cc/R9H5-M6CZ.

The United States' Complaint alleges, among other things, that the Lawrence Defendants did not comply with the requirements of Section 301 of HAVA. Specifically, Lawrence failed to make available a voting system that is accessible for individuals with disabilities during the April 2, 2024 federal primary election. The Lawrence Defendants' failure to ensure the availability of at least one required accessible voting system at each polling place violates Section 301 of HAVA.

The United States and the Lawrence Defendants, through counsel, have conferred in good faith and agree that, with regards to Lawrence and the Lawrence Defendants, this action should be settled without protracted and costly litigation. The United States and the Lawrence Defendants therefore propose to resolve this lawsuit through the terms of this Partial Consent Judgment and Order ("Order"). Accordingly, the United States and the Lawrence Defendants

hereby consent to the entry of this Order, as indicated by the signatures of counsel at the end of this Order. The United States and the Lawrence Defendants waive a hearing and the entry of findings of fact and conclusions of law on all issues specific to the Town of Lawrence and the Lawrence Defendants in this matter.

As part of their commitment to full compliance with Section 301 of HAVA, the Lawrence Defendants agree to each provision of this Order to resolve the issues in this case. Accordingly, the United States and the Lawrence Defendants stipulate and agree that:

1. This action is brought by the Attorney General on behalf of the United States pursuant to HAVA, 52 U.S.C. §§ 21081 *et seq.*

2. The Attorney General is authorized to bring a civil action against any state or jurisdiction to enforce the requirements of HAVA, 52 U.S.C. § 21111, and this Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1345, and 2201(a) and 52 U.S.C. § 21111.

3. The Lawrence Defendants are proper parties in this action.

4. Defendant Lawrence is a municipality in Rusk County within the Western District of Wisconsin. 28 U.S.C. § 130(b). Lawrence is governed by a Town Board, which is empowered to decide "all affairs of the town not committed by law to another body or officer or to a town employee." Wis. Stat. § 60.22. The Town is subject to Section 301 requirements. 52 U.S.C. § 21081(d).

5. Defendant Charidy Ludescher is the Town Clerk for Lawrence. Wisconsin's municipal clerks are responsible for administering elections, including purchasing and maintaining election equipment. *See* Wis. Stat. § 7.15(1); Wisconsin Election Administration Manual for Municipal Clerks (Feb. 2024), at 5, 113 (hereinafter "Manual"),

https://perma.cc/7R8Z-439D. The Town Clerk shall "perform the duties required by chs. 5 to 12 relating to elections," which includes ensuring that accessible voting machines are available to all electors to cast their ballots. *See* Wis. Stat. §§ 60.33(4)(a), 5.25(4); Manual at 146.

6. Defendant Bob Nawrocki is Chairman of the Town Board of Lawrence.

7. Defendants Stacy Zimmer and Duane Biller are members of the Town Board of Lawrence.

8. Section 301 of HAVA ("Section 301") sets certain general requirements for voting systems used in elections for federal office. 52 U.S.C. § 21081(a). As defined by HAVA, a "voting system" includes the "(1) total combination of mechanical, electromechanical, or electronic equipment (including the software, firmware, and documentation required to program, control, and support the equipment) that is used . . . (B) to cast and count votes . . . ." *Id.* § 21081(a)(6)(b).

9. Among other things, Section 301 requires that each voting system used in an election for federal office "be accessible for individuals with disabilities, including nonvisual accessibility for the blind and visually impaired, in a manner that provides the same opportunity for access and participation (including privacy and independence) as for other voters." 52 U.S.C. § 21081(a)(3)(A). To satisfy this requirement, any voting system in use on or after January 1, 2006, must include "at least one direct recording electronic voting system or other voting system equipped for individuals with disabilities at each polling place." *Id.* § 21081(a)(3)(B), (d).

10. Section 301's minimum requirement for accessible voting systems at each polling place applies to all jurisdictions without regard to the size of the population within the jurisdiction and without regard to whether and how many voters with disabilities reside there.

4

11. Each state and each state sub-jurisdiction that administers elections must comply with Section 301 requirements. 52 U.S.C. § 21081(d).

12. On January 16, 2023, Lawrence's Town Board (the "Lawrence Board") passed the following motion: "For the next election coming up on 2/21/23 the board decided we will not be turning on the voting machine" (the "January 16 decision").

13. On September 6, 2024, the Lawrence Board voted to rescind the January 16, 2023, decision as part of this agreement.

14. For the April 2, 2024, federal primary election, Lawrence failed to make available a voting system in each polling place that was accessible for individuals with disabilities in a manner that provides the same opportunity for access and participation (including privacy and independence) as for other voters.

It is hereby **ORDERED, ADJUDGED, and DECREED** that:

1. The Lawrence Defendants are subject to the requirements of Section 301 of HAVA. 52 U.S.C. § 21081(d).

2. The Lawrence Defendants' failure to ensure the availability of at least one required accessible voting system at each polling place in Lawrence, as set forth above, violates Section 301 of HAVA.

3. The Lawrence Defendants, their agents, employees, contractors, successors, and all other persons representing the interest of the Lawrence Defendants are hereby required to ensure that Lawrence's voting systems are accessible for individuals with disabilities by using at least one direct recording electronic voting system or other voting system equipped for individuals with disabilities at each polling place in the State, for each election for federal office, as required by Section 301 of HAVA, 52 U.S.C. § 21081(a)(3)(B).

4. The Lawrence Defendants are further enjoined from engaging in any act or practice that denies the rights secured by Section 301 of HAVA, 52 U.S.C. § 21081.

5. The terms of this Order apply to all elections for federal office held in Lawrence.

6. The Lawrence Defendants shall ensure that during elections for federal office every polling place in Lawrence has available at least one voting system equipped for individuals with disabilities as required by Section 301 of HAVA. The portion of the voting system that is equipped for individuals with disabilities at each polling place shall, for the full period that the polling place is required to be open under Wisconsin State law, be plugged into a functioning electrical outlet, turned on, and readily visible and accessible to voters. At each polling place, signage will be posted prominently containing the following language: "Accessible voting equipment that can assist any voter in marking their ballot is available for use."

7. The Lawrence Defendants shall ensure that for future federal elections, all appropriate election officers and officials in Lawrence—including but not limited to municipal clerks, Supervisors, Election Inspectors, and Chief Election Inspectors—receive appropriate training on how to implement HAVA-compliant accessible voting systems, update any relevant materials within their control, monitor compliance with Section 301 requirements, and take any other steps necessary to ensure the availability of at least one required accessible voting system in every polling place in Lawrence.

8. The Lawrence Defendants shall ensure that the voting system is maintained in good working order and that all software and other updates to that system are applied in a timely fashion.

9. Within 14 days after every federal primary and general election that occurs during the effective period of this Order, the Lawrence Defendants shall file with this Court a

certification signed by the Town Clerk that each requirement in Paragraphs 6-8 of this Order was complied with during that election.

10. Upon reasonable notice from the United States, the Lawrence Defendants shall permit a representative of the United States Department of Justice to enter any Lawrence polling place for the sole purpose of monitoring compliance with this Order.

11. The Lawrence Defendants shall make available to the United States upon request any non-privileged documents created or maintained by the Lawrence Defendants regarding compliance with this Order or compliance with Section 301 of HAVA, including any relevant documents that the Lawrence Defendants may be required to produce or retain under Wisconsin State law.

12. This Order is final and binding between the United States and the Lawrence Defendants and their successors in office regarding the claims raised in this action.

13. All parties to this order shall bear their own costs, expenses, and attorneys' fees in this case.

14. The Order shall take effect immediately upon being approved by the Court and entered upon the docket ("the effective date").

15. This Order shall remain in effect from its effective date until December 31, 2028, unless a party obtains an extension pursuant to Paragraph 16.

16. This Court shall retain jurisdiction of this case to enter further relief or such other orders as may be necessary for the effectuation of the terms of this Order and to ensure compliance with Section 301 of HAVA. For good cause shown, any party may move to extend the Order or to reopen the case.

**SO ORDERED.**

This **27TH** day of **SEPT.**, 2024

*[signature]*
HON. **JAMES D. PETERSON**
UNITED STATES DISTRICT JUDGE

Entered this <u>27th</u> day of <u> September </u>, 2023.

By: <u> s/ J. Smith, Deputy Clerk </u>
    Joel Turner, Clerk of Court

8

The Undersigned Agree to Entry of this Consent Judgment and Order:

For Plaintiff United States of America:

| | |
|---|---|
| KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division | TIMOTHY M. O'SHEA<br>United States Attorney<br>Western District of Wisconsin |
| /s/ Brian Remlinger<br>R. TAMAR HAGLER<br>RICHARD A. DELLHEIM<br>BRIAN REMLINGER<br>MARGARET M. TURNER<br>Attorneys, Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530 | /s/ Barbara L. Oswald<br>LESLIE K. HERJE<br>BARBARA L. OSWALD<br>Assistant United States Attorneys<br>United States Attorney's Office<br>Western District of Wisconsin<br>222 West Washington Ave, Suite 700<br>Madison, WI 53703 |

For Lawrence Defendants:

*Robert N. Nowradge* - Chairman
*Duane Biller* - Member
*Chandy Ludescher* - Attest as Clerk

9