**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TOWN OF THORNAPPLE, WISCONSIN; ANGELA JOHNSON, RALPH C. KENYON, TOM ZELM, and JACK ZUPAN, in their official capacities as Town Clerk and Town Board Supervisors of the Town of Thornapple; TOWN OF LAWRENCE, WISCONSIN; CHARIDY LUDESCHER, BOB NAWROCKI, STACY ZIMMER, and DUANE BILLER, in their official capacities as Town Clerk and Town Board Supervisors of the Town of Lawrence; and STATE OF WISCONSIN, <br><br> Defendants. | Civil Case No. 3:24-cv-664-jdp <br><br><br> **ORDER GRANTING PRELIMINARY INJUNCTION** |

## ORDER GRANTING PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65 and upon consideration of the United States' Motion for a Preliminary Injunction, its memorandum in support, its proposed statement of record facts and supporting declarations, and the arguments and evidence presented at the hearing on September 27, 2024, this Court finds that the United States has established that it is entitled to the relief that it requests and GRANTS its Motion for a Preliminary Injunction.

The Court hereby finds that:

Thornapple Defendants have violated Section 301 of the Help America Vote Act, 52 U.S.C. § 21081, by failing to provide a voting system equipped for individuals with disabilities at each polling place in the Town of Thornapple during the April 2, 2024, and August 13, 2024, federal primary elections.  Paper ballot voting systems are included in HAVA's definition of a

voting system, 52 U.S.C. § 21081(b), and therefore must comply with the requirements of Section 301.

Accordingly, it is ORDERED as follows:

(1)    Thornapple Defendants, their employees, agents, and successors in office, and all persons acting in concert with them, shall ensure that during the November 5, 2024, federal general election, every polling place in Thornapple has available a voting system equipped for individuals with disabilities as required by Section 301 of HAVA, 52 U.S.C. § 21081(a)(3), and that that voting system is, for the full period that the polling place is required to be open under Wisconsin State law, plugged into a functioning electrical outlet, turned on, and readily visible and accessible to voters;

(2)    Thornapple Defendants shall prominently post signage in every Thornapple polling place alerting voters that an accessible voting system is available for use;

(3)    Thornapple Defendants shall ensure that all appropriate election officers and officials in Thornapple receive appropriate training on how to implement HAVA-compliant accessible voting systems, update any relevant materials within their control, monitor compliance with Section 301 requirements, and take any other steps necessary to ensure the availability of at least one required accessible voting system in every polling place in Thornapple;

(4)    Thornapple Defendants shall permit representatives of the United States Department of Justice to enter any Thornapple polling place for the sole purpose of monitoring compliance with this Court's remedial order during the November 5, 2024, federal general election;

(5)    Thornapple Defendants shall certify to this Court by filing, no later than close of

business on October 31, 2024, a statement that the HAVA-compliant voting system Thornapple

will use for the November 5, 2024 election has undergone all pre-election testing required by

state law, *see* Wisc. Stat. § 5.84(1), and is otherwise fully prepared for use on Election Day;

(6)     Thornapple Defendants shall not enforce the Town Board of Thornapple's June

13, 2023, decision to "stop use of the electronic voting machine" to the extent it is inconsistent

with this Order;

(7)     Thornapple Defendants shall cooperate fully with the State of Wisconsin and any

State agency's efforts to enforce federal law regarding the provision of accessible voting systems

for use in elections; and

(8)     The Court retains jurisdiction of this action to enter such further relief as may be

necessary for the effectuation of the terms of this Order, and for the entry of such permanent

relief as appropriate to ensure Thornapple Defendants' future HAVA compliance.


ORDERED this ___4TH___ day of ___OCTOBER___, 2024.



HON. ___JAMES D. PETERSON___
UNITED STATES DISTRICT JUDGE


3